**Miller ROBINSON, III,**
**Plaintiff/Appellee,**

v.

**Wilson S. MANNING, d/b/a Wilson S. Manning Company,**
**Defendant/Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 17, 1993.

Permission to Appeal Denied by
Supreme Court July 6, 1993.

David A. Moss and R. Garry Chaffin, Chaffin & Burnsed, Nashville, for plaintiff/appellee.

Robert J. Notestine, III, Nashville, for defendant/appellant.

## OPINION

CANTRELL, Judge.

This case involves a factual dispute over (1) whether the plaintiff's right to share in certain earned real estate commissions expired ten years after he left the agency, and (2) whether the plaintiff had signed away his alleged rights. The chancellor held for the plaintiff. We affirm.

### I.

While an affiliate broker of the defendant's real estate agency, the plaintiff procured two long-term leases for the agency's clients in October and November of 1979. Under his agreement with the agency the plaintiff was entitled to receive a portion of the commissions earned for placing the leases. The parties agree that the written agency agreement—which neither party could produce at the trial—did not contain a limitation on how long the plaintiff would share in the commissions.

The defendant did, however, have some "house rules" which stated that an affiliate broker would collect unpaid commissions for only ten years after leaving the company. At the end of that ten year period the unpaid commissions would become the sole property of the company.

The plaintiff left the agency on January 1, 1980. In 1986, the plaintiff notified the defendant that one-half of the commissions had been assigned to the plaintiff's father and that subsequent payments should be deposited in the plaintiff's and his father's joint account at a local bank. The defendant complied with this request until December of 1989, and then ceased any payments because of the ten year rule.

When the defendant stopped paying, the plaintiff and his father sued to establish the right to continued payments and to collect the amounts already accrued.

The cause came on to be heard before the chancellor without a jury. Before any proof was offered, the plaintiff's father took a voluntary non-suit. After hearing the proof the chancellor found that the parties had agreed that the plaintiff would share in the commissions through the full term of the lease, including any extensions or renewals.

### II.

The defendant insists that the chancellor erred in finding that the plaintiff was entitled to collect his share of the commissions for longer than ten years after his separation from the company. We disagree. The proof fully supports the chancellor's finding. See Tenn.R.App.P. 13(d).

The parties agree that the original written agreement did not contain a limitation on the time an affiliate broker would be entitled to collect commissions on transactions he or she handled. Thus, the defendant can prevail on this issue only if the house rules apply to the plaintiff.

The chancellor noted that the proof was vague on whether the rules were even in effect while the plaintiff was employed by the defendant's company. The plaintiff denies that he ever saw them. The defendant says that, when he showed them to the plaintiff the plaintiff threw them in the

waste basket saying, "I don't follow rules. I make rules." Although the defendant says he took that as a joke, it certainly can't be taken as assent.

■ In addition, in 1986, the defendant signed a statement acknowledging that the plaintiff was entitled to commissions for the entire term of the subject leases and any extensions, renewals, or holdovers. Although not rising to the level of an agreement, the statement is a circumstance that sheds light on how the parties understood their relationship.

### III.

■ The defendant also insists that the plaintiff had assigned away his right to collect the commissions. In fact, the assignment was for only one-half of the commissions. Therefore, the plaintiff was entitled to maintain the action. The question then becomes one of whether the plaintiff could collect the entire amount.

Plaintiff directed the defendant to deposit the money in a joint account bearing the names of the plaintiff and his father. Although the plaintiff's father joined in this action, he voluntarily non-suited his case at the beginning of the trial.

We are of the opinion that the plaintiff could maintain the action in his name alone under the circumstances. The father's non-suit coupled with the plaintiff's prosecution of the action for the full amount of the commissions is, in the judgment of this court, an abandonment of any claim by the father, and the father is estopped to make any further claims against the defendant based on the assignment. Thus, the defendant would be protected from having to pay more than the amount called for in his contract with the plaintiff.

The judgment of the court below is affirmed. The cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.